IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:06CR83 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | |
| MARK A. GUSTAFSON and | ) | RECOMMENDATION |
| SALWA ALI GUSTAFSON, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the joint motion of defendants Mark A. Gustafson and Salwa Ali Gustafson to dismiss Count I of the Indictment (Filing No. 20). The Gustafsons are charged in Count I of the Indictment with tax evasion for the calendar year 1998 in violation of 26 U.S.C. § 7201. The Gustafsons are also charged with tax evasion for the years 1999 (Count II) and 2000 (Count III) also in violation of 26 U.S.C. § 7201. The Gustafsons are also charged with the willful failure to file tax returns for the calendar years 1999 (Count IV) and 2000 (Count V) in violation of 26 U.S.C. § 7203.

The Gustafsons move the court to dismiss Count I of the Indictment because the applicable six-year statute of limitations had expired prior to the return of the Indictment in this case. The government argues the Gustafsons committed various affirmative acts after the filing of the 1998 return which extended the six-year statute of limitations.

The court held an evidentiary hearing on the motion on July 19, 2006. The Gustafsons were both present with their counsel, Carlos A. Monzon. The United States was represented by Assistant U.S. Attorney Michael P. Norris. The court heard the testimony of Special Agent Josephine Nunez (Agent Nunez) with the Internal Revenue Service (IRS) Criminal Investigation Division (CID). A transcript (TR.) of the hearing was filed on August 4, 2006 (Filing No. 32). The motion was deemed submitted on August 4, 2006.

## FINDING OF FACT

The Gustafsons are jointly charged in Count I of the Indictment as follows:

Count I

At all times material to this indictment:

1. The defendants, MARK A. GUSTAFSON and SALWA ALI GUSTAFSON, were husband and wife.

2. Defendant MARK A. GUSTAFSON had not filed a personal federal income tax return since 1994. Defendant SALWA ALI GUSTAFSON had not filed a personal federal income tax return since 1994. In 1994, the last time the defendants filed a personal federal income tax return, they did so jointly.

3. Defendant MARK A. GUSTAFSON was a chiropractor practicing in Lincoln, Nebraska. Defendant SALWA ALI GUSTAFSON provided nursing and bookkeeping services for the chiropractic practice. The chiropractic practice had gross receipts of $319,078.54 during the calendar year 1998.

4. During the calendar year 1998, MARK A. GUSTAFSON and SALWA ALI GUSTAFSON accrued income and tax liabilities in the following approximate sums:

| | |
|---|---|
| Gross Income: | $ 229,845.21 |
| Taxable Income: | $ 131,614.27 |
| Income Tax: | $ 32,226.00 |
| Self Employment Tax: | $ 11,735.00 |
| Tax Due and Owing | $ 43,961.00 |

5. After the defendants were notified of a civil investigation being conducted by the Internal Revenue Service, MARK A. GUSTAFSON and SALWA ALI GUSTAFSON filed abusive trust tax returns. The abusive trust tax returns were filed under the names Back Pain Specialists of America and Chiropractic Health Group of Nebraska, and were each dated June 2002 and mailed to the Internal Revenue Service in June, July and August 2002.

6. On or about April 15, 1999, in the District of Nebraska, the defendants MARK A. GUSTAFSON and SALWA ALI GUSTAFSON, residents of Nebraska, willfully attempted to evade and defeat income tax due and owing by them to the United States of America for the calendar year 1998 by failing to make a personal income tax return on or about April 15, 1999, as required by law, to any proper officer of the Internal Revenue Service, and by failing to pay the Internal Revenue Service said income tax, and by concealing and attempting to conceal from all proper officers of the United

> States of America their true and correct income by various means, including but not limited to: (1) transferring ownership of assets to fraudulent trusts; (2) encumbering assets; (3) removing money to offshore accounts; and (4) using multiple bank accounts.
> In violation of Title 26, United States Code, Section 7201.

The Indictment was filed on March 22, 2006.

Agent Nunez is an eighteen year veteran of the IRS-CID who investigates violations of the Internal Revenue Code (TR. 5). Agent Nunez is the case agent for the Gustafason case (TR. 5). Mark Gustafson is a licensed chiropractor in the State of Nebraska, and is married to Salwa Gustafson, a registered nurse who works in Mark Gustafson's chiropractic office in Lincoln, Nebraska (TR. 5). Mark Gustafson was engaged in chiropractic care during 1998 and employed a female chiropractor who was paid an hourly wage (TR. 5-6). The Gustafsons' federal income tax return was to be filed on or before April 15, 1999, for income earned during the 1998 calendar year (TR. 6). Agent Nunez's investigation revealed that subsequent to April 15, 1999, the Gustafsons were wiring funds to offshore accounts in the Grenadines, West Indies (TR. 6). Investigation revealed the Gustafsons wire-transferred $40,000 to an account in Saint Vincent, the Grenadines, on November 29, 2000 (TR. 7). Agent Nunez believed the funds were sent to the offshore accounts to keep the IRS from detecting how much income the Gustafsons were making (TR. 8).

In June 2002, a trust tax return was filed for the Gustafsons' chiropractic business for the 1998 calendar tax year under the name of Back Pain Specialists of America (TR. 8). The return for this organization reflected various fiduciary, management and consulting fees which resulted in no tax being paid as a result of that return (TR. 9). From Agent Nunez's analysis of the bank account maintained by the Gustafsons chiropractic business, the expenses did not exist (TR. 10). Investigation also revealed that the Gustafsons were being advised by an organization called the Commonwealth Trust Organization (CTO) to take these large expenses to avoid paying any taxes (TR. 10). CTO has been investigated for abusive trust practices (TR. 10).

After March 2000, some of the Gustafsons' personal assets were placed into trusts (TR. 11). The Gustafsons purchased 40 acres of land and a vehicle which were transferred

to their trust in August 2000 (TR. 11).  Agent Nunez's investigation found no evidence of a personal bank account for the Gustafsons apart from the business bank account (TR. 11).  The Gustafsons paid themselves a salary from the business account in the form of a check (TR. 11).  Neither of the Gustafsons used their Social Security number on returns for Back Pain Specialists or other documents filed with the IRS (TR. 12).  Two additional trust tax returns were filed in July 2000 and August 2000 (TR. 14).  Additional funds continued to be wired offshore in 2001 and 2002 (TR. 14).

Agent Nunez testified the Gustafsons wired funds to an offshore account in 1998, $10,000 on August 6, 1998, and $30,000 on December 10, 1998 (TR. 16).  The trust tax return filed in 2002 for the year 1998 was not signed by the Gustafsons but by the preparer, Ralph Sutton of CTO (TR. 17).  CTO and some of its agents have been indicted for tax evasion (TR. 17-18).  CTO is an organization that allows individuals to hide their income from the government in such a way that the government should not be able to find it (TR. 18-19).  CTO teaches individuals to set up trust accounts and wire funds to offshore accounts thereby taking false deductions so they won't owe any taxes (TR. 19).  CTO conducted seminars and distributed pamphlets wherein CTO instructed others that the trusts were legal (TR. 20-21).  CTO advised the Gustafsons about setting up the trusts and prepared the trust tax returns (TR. 27).  Monies received from the Gustafsons' patients and from insurance were run through the Gustafsons' business bank account (TR. 35-37).

## LEGAL ANALYSIS

The statute of limitations for the prosecution of criminal tax evasion is six years after the alleged offense.  **See** 26 U.S.C. § 6531.  The tax return for the calendar year 1998 was required to be filed on or before April 15, 1999.  Ordinarily, the statute of limitations would appear to begin to run on April 15, 1999, the statutory due date.  **See United States v. Habig**, 390 U.S. 222 (1968).  However, if a defendant commits an affirmative act of evasion after the due date of the tax return, the statute of limitations does not begin to run until the date of the last act of evasion.  **United States v. Anderson**, 319 F.3d 1218 (10th Cir. 2003); **United States v. Ferris**, 807 F.2d 269 (1st Cir. 1986).

The government alleges in the indictment that the Gustafsons committed affirmative acts of evasion as relating to the 1998 tax year. In Count I it is alleged in paragraph 5:

> After the defendants were notified of a civil investigation being conducted by the Internal Revenue Service, MARK A. GUSTAFSON and SALWA ALI GUSTAFSON filed abusive trust tax returns. The abusive trust tax returns were filed under the names Back Pain Specialists of America and Chiropractic Health Group of Nebraska, and were each dated June 2002 and mailed to the Internal Revenue Service in June, July and August 2002.

It is further alleged in paragraph 6 that:

> . . . and by concealing and attempting to conceal from all proper officers of the United States of America their true and correct income by various means, including but not limited to: (1) transferring ownership of assets to fraudulent trusts; (2) encumbering assets; (3) removing money to offshore accounts; and (4) using multiple bank accounts.

The government presented evidence at the hearing of such affirmative acts of evasion. For example, wiring funds to an offshore account can be considered an affirmative act of evasion. **See *United States v. Trownsell***, 367 F.2d 815 (7th Cir. 1966).

While the Gustafsons assert that the activities described by the government are not affirmative acts of evasion, that is a matter left to the trial of the merits. On a motion to dismiss an indictment, the allegations of the indictment and the evidence presented by the prosecutor must be accepted as true. **See *United States v. Sampson***, 371 U.S. 75, 78-79 (1962); ***Ferris***, 807 F.2d at 271. The defendants' characterization of the government's proof must be left to trial.

Since the government has pled and has offered proof that the Gustafsons committed affirmative acts of evasion as late as 2002, the Gustafsons' motion to dismiss Count I of the Indictment as beyond the six-year statute of limitations should be denied.

**IT IS RECOMMENDED TO SENIOR JUDGE LYLE E. STROM that:**

The Gustafsons' motion to dismiss Count I of the Indictment (Filing No. 20) be denied.

**ADMONITION**

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 15th day of September, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge