IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CR83 |
| | ) | |
| v. | ) | |
| | ) | |
| MARK A. GUSTAFSON and | ) | ORDER |
| SALWA ALI GUSTAFSON, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on defendants' motions for release and stay of sentence pending appeal (Filing Nos. 124 and 125). These motions are governed by the provisions of 18 U.S.C. § 3143(b) which requires that a person who has been found guilty of an offense and sentenced to a term of imprisonment shall be detained unless the judicial officer finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in --
>
> (i) reversal,
>
> (ii) an order for a new trial;
>
> (iii) a sentence that does not include a term of imprisonment, or

>>(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

>A.   Motion of Salwa Ali Gustafson (Filing No. 125)

As to the motion of Salwa Ali Gustafson, the Court finds that this motion is essentially moot.  Her sentence of imprisonment of thirty months is not to commence until sixty days after Mark Gustafson completes the service of his sentence of thirty months.  He has been directed to report to the Bureau of Prisons before 2 p.m. on November 5, 2007.  Judgment and Committal order (Filing No. 117).  By the expiration of his sentence, these appeals will have been concluded.  In any event, if the Court grants the motion of defendant, Mark Gustafson, that would automatically stay the sentence of Salwa Gustafson.  For these reasons, the motion of Salwa Ali Gustafson will be denied.

>B.   Motion of Mark Gustafson (Filing No. 124)

Addressing the requirements of 18 U.S.C. § 3143, the Court is satisfied that there is clear and convincing evidence that the defendant Mark Gustafson is not likely to flee or pose a danger to the safety of any other person in the community if released, and therefore, the requirements of § 3143(b)(A) are satisfied.

The issue is whether the requirements of Subsection (B) are satisfied.  The first requirement is that the appeal is not

for the purpose of delay.  The Court finds that this requirement is met.  The second requirement is that the appeal raises a substantial question of law or fact, likely to result in a reversal or an order for a new trial.

In this Circuit, the seminal case dealing with this provision is *United States v. Powell*, 761 F.2d 1227 (8th Cir. 1985).  That opinion is an *en banc* opinion by the Court of Appeals written by Judge Richard Arnold.  In analyzing the provisions of § 1343(b)(B), Judge Arnold concluded that a question is "substantial" for purposes of this statute if the defendant's argument on the question has a substantial chance or a substantial likelihood of prevailing on appeal.  Adopting the government's argument, Judge Arnold held "an argument is 'substantial' for this purpose if the question is a close one or one that could very well go either way."  *Id.* at 1330.

Judge Arnold further noted that in order for an issue to qualify as one "likely to result in a reversal," a defendant would "have to show that the substantial question presented . . . will more probably than not, if decided in defendant's favor, lead to a reversal or an order for a new trial on all counts on which imprisonment has been imposed."  76 F.2d at 1233.

The notice of appeal filed by the defendant Mark Gustafson notes that he is appealing from the "judgment and commitment" and from the order on his motion to dismiss the

-3-

indictment entered by the Court on July 9, 2006 (Filing Nos. 33 and 37).

With respect to the second issue, the Court has again reviewed the defendant's motion, the report and recommendation of the magistrate judge, and defendant's appeal from that report and recommendation, together with his brief in support of his appeal, and this Court's order adopting the report and recommendation and denying the motion to dismiss.  This issue fails to satisfy the second requirement of Subsection (B) as it relates to only one count of the indictment, and a reversal of the Court's ruling on that motion would leave intact the convictions on Counts II, III, IV and V.  Accordingly, that issue does not qualify as one likely to result in a reversal or an order for a new trial on all counts and, therefore, does not meet the requirements of the statute.

The only document filed by the defendant which aids the Court in determining whether such a substantial question exists is the defendant's motion for new trial (Filing No. 83), and his memorandum in support of that motion (Filing No. 101).  In his memorandum, he raises three issues:  (1) that the Court erred in not allowing evidence on which defendants based their good faith belief that they were not subject to taxation, citing *Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991); (2) that the Court erred in not instructing the jury as to the prerequisite of a certified assessment and an opportunity

-4-

to satisfy the tax assessed as due and owing to support a conviction for tax evasion; and (3) that the Court abused its discretion in limiting defendants' closing argument, in particular in denying counsel the right to refer to facts in the evidence that would have assisted in the jurors' understanding.

After reviewing this file and portions of the transcript of the trial, particularly the closing argument of counsel for the defendant, the Court finds that these claimed errors do not raise a substantial question of law or fact likely to result in reversal or an order for a new trial.  For these reasons, the motion of defendant Mark Gustafson for release and stay of sentence will be denied.  Accordingly,

IT IS ORDERED:

1)  That defendant Salwa Ali Gustafson's motion for release and stay of sentence pending appeal (Filing No. 125) is denied as moot.

2)  That defendant Mark Gustafson's motion for release and stay of sentence pending appeal (Filing No. 124) is denied.

DATED this 3rd day of October, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
   LYLE E. STROM, Senior Judge
   United States District Court