IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CR83 |
| | ) | |
| v. | ) | |
| | ) | |
| MARK A. GUSTAFSON, | ) | ORDER AND JUDGMENT |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant Mark Gustafson's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Filing No. 148). Upon review, the Court finds the motion should be denied.

As an initial matter, the motion is deficient on its face because it fails to state any grounds for the relief sought and should be denied accordingly. Notwithstanding, the defendant has stated the ground for his motion in an accompanying brief (Filing No. 149), which the Court will address.

Defendant's brief alleges he is entitled to relief under § 2255 because the government failed to prove the existence of personal and subject matter jurisdiction prior to or during his trial. This claim is frivolous.

Pursuant to 18 U.S.C. § 3231, the Court has original jurisdiction over "all offenses against the laws of the United States." The Court has personal jurisdiction over a defendant charged with violating federal law who appears before it. *See*

*United States v. Stuart*, 689 F.2d 759, 762 (8th Cir. 1982).  In this case, the defendant was brought before the Court on a federal indictment that charged him with violating federal law (*See* Filing No. 1).  This is sufficient to establish personal and subject matter jurisdiction.  Defendant's claim that additional jurisdictional information needed to be alleged in the indictment or adduced at trial is without merit.  Accordingly,

   IT IS ORDERED that defendant's § 2255 motion is denied.

   DATED this 2nd day of July, 2009.

                                 BY THE COURT:

                                 /s/ Lyle E. Strom
                                 _____
                                 LYLE E. STROM, Senior Judge
                                 United States District Court

-2-